**UNITED STATES of America,**
**Plaintiff,**

**v.**

**David Beitler TRIMBLE, Defendant.**
**Crim. No. 14600.**

United States District Court,
M. D. Pennsylvania.
June 30, 1970.

S. John Cottone, U. S. Atty., Scranton, Pa., Harry Nagle, Asst. U. S. Atty., Lewisburg, Pa., for plaintiff.

J. Anthony Messina, Philadelphia, Pa., J. Thomas Menaker, Harrisburg, Pa., for defendant.

## MEMORANDUM

NEALON, District Judge.

David Beitler Trimble stands charged with a violation of the Universal Military Training and Service Act, 50 U.S.C.App. § 462, in that on November 4, 1968, he willfully and knowingly refused to submit to induction into the Armed Forces at the New Cumberland Army Depot, Harrisburg, Pennsylvania. Trial was had before this Court on July 23, 1969, at Harrisburg, Pennsylvania, defendant having executed the proper waiver of his right to trial by jury. At the conclusion of the case, defendant's motion for judgment of acquittal was denied and the matter taken under advisement to await the filing of the transcript and the fulfillment of a briefing schedule by the parties. At this time, I make the following

## FINDINGS OF FACT

1. David Beitler Trimble, a Quaker, was born on June 15, 1945, and duly registered with Local Selective Service Board 83, Lancaster, Pennsylvania, upon reaching his eighteenth birthday.

2. On April 7, 1965, Local Board 83 classified Trimble II–S, reflecting his student status.

3. On August 18, 1965, Local Board 83 classified Trimble I–A following his graduation from Pennsylvania State University with an Associate Degree.

4. On October 6, 1965, Local Board 83 rejected Trimble's conscientious objector claim and classified him I–A. Trimble appealed the Board's action.

5. In late November, 1967, after receipt of a Department of Justice recommendation that Trimble was not sincere, the Pennsylvania Appeal Board unanimously classified Trimble I–A.

6. On December 7, 1967, Local Board 83 was notified by the Armed Forces Examining and Entrance Station, New Cumberland Army Depot, that Trimble

was found to be medically unqualified and not acceptable for induction into the Armed Services.

7. On December 13, 1967, Local Board 83 classified Trimble IV-F and mailed him proper notice thereof (SSS Form 110).

8. On December 18, 1967, upon instructions from the Pennsylvania Selective Service Headquarters, Trimble was ordered by Local Board 83 to report for a "Re-Examination" by undergoing a physical examination on January 12, 1968. This order was later rescinded and Trimble was directed to report to Dr. Joseph G. Saxon, a consulting psychiatrist, for examination on January 22, 1968.

9. On February 2, 1968, Doctor Saxon, after noting his factual observations, concluded that Trimble had "features of an obsessive compulsive reaction and a history of using marihuana"; that "he adheres to ideologies which would seriously conflict with adjustment to military life"; that he was unable to state to what extent his ideologies are a product of his free will or are "predicated upon psychopathology"; and finally that Trimble was "not suitable for induction to military service."

10. At the bottom of Doctor Saxon's report the following handwritten comment appeared:

"I do not consider the opposition to the draft to be symptomatic of a psychiatric condition. Furthermore no definite evidence of a psychiatric condition has been documented by the consultant. The use of marijuana is not disqualifying as it is not an addicting drug. Therefore I find this man to be *medically* qualified for induction; as to his pacifist ideologies there can be no determination by me as to his qualifications as a conscientious objector.

/s/ R. B. Weiss, Cpt, MC"

11. On February 6, 1968, Local Board 83 was notified by the Armed Forces Examining and Entrance Station, New Cumberland Army Depot, that Trimble had been found acceptable for induction into the Armed Forces.

12. On February 7, 1968, Local Board 83 reclassified Trimble I-A and properly mailed him notice of this action (SSS Form 110).

13. After a personal appearance by Trimble before the Local Board on March 20, 1968, the Board continued his I-A classification. Trimble then appealed the Board's action.

14. On July 9, 1968, the Pennsylvania Appeal Board classified Trimble I-A by a vote of 2-1. Trimble then appealed to the National Selective Service Appeal Board.

15. On October 3, 1968, the National Selective Service Appeal Board classified Trimble I-A.

16. On October 16, 1968, Local Board 83 ordered Trimble to report for induction on November 4, 1968.

17. On November 4, 1968, Trimble appeared at the New Cumberland Army Depot but refused to step forward when his name was called.

18. On November 22, 1968, Trimble was reported by the State Headquarters to the United States Attorney for prosecution.

19. On March 4, 1968, the Grand Jury for the Middle District of Pennsylvania indicted Trimble for refusing to submit to induction.

## DISCUSSION

David Trimble has advanced nine major points in his defense which raise a variety of issues. We consider only one, however, as it is dispositive of this case. That issue is whether a basis in fact existed for the Local Board's action

of February 7, 1968, in reclassifying Trimble from IV–F to I–A.

On December 7, 1967, Trimble was found medically unqualified for induction after a pre-induction physical examination on December 1, 1967. He was then classified IV–F on December 13, 1967.[1] Five days later, upon instructions from the Pennsylvania Selective Service Headquarters, Trimble was ordered to submit to a re-examination by a consulting psychiatrist, Dr. Joseph G. Saxon. After examining Trimble, Doctor Saxon similarly concluded that he was not fit for induction into the Armed Services. Notwithstanding this, Captain R. B. Weiss, Chief Medical Officer of the Armed Forces Examining and Entrance Station, disagreed with Doctor Saxon's conclusions on Trimble's psychiatric condition and, *without the benefit of any further medical examination,* determined that Trimble was now medically qualified for induction. Captain Weiss apparently arrived at the opposite conclusion solely on the report of Doctor Saxon and without a personal psychiatric or medical examination of Trimble. In addition, his comments do not encompass an evaluation of most of the findings of Doctor Saxon's report and make no reference to the former determination, less than two months previously, that Trimble was medically unqualified. Consequently, Captain Weiss' new finding was the sole basis for Trimble's reclassification from IV–F to I–A by Local Board 83. This finding, however, is insufficient to serve as a basis in fact for the Board's reclassification.

Accordingly, the order to report for induction issued as a result thereof was invalid. Therefore, I find David Beitler Trimble not guilty of the offense charged in the Grand Jury indictment.

---

1. "No person shall be inducted into the Armed Forces for training and service or shall be inducted for training in the National Security Training Corps under this title * * * until his acceptability in all respects, including his physical and mental fitness, has been satisfactorily determined under standards prescribed by the Secretary of Defense * * *." 50 U.S.C. App. § 454(a). See also 32 C.F.R. § 1622.44(a).